JAMES SYNOTT, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, May 20, 1927.

**Railroads — action by trespasser on train to recover for injuries suffered — plaintiff alleges that while riding on tender, fireman scalded him with hot water — plaintiff's testimony is contradictory and unreliable — judgment in favor of plaintiff reversed and new trial granted.**

The plaintiff, a trespasser on one of the trains of the defendant, was scalded with water while riding on the tender. The plaintiff's testimony is not only contradictory, for he states both that the water was thrown upon him by the fireman and also that it was discharged from a pop-off valve, but his testimony is so incredible as to require corroboration, which was not made. Plaintiff did not, therefore, establish his cause of action and the verdict in his favor is against the weight of the evidence. Apparently, the plaintiff was scalded when the condenser on the tender near which he was sitting, overflowed.

APPEAL by the defendant, New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff,

38

entered in the office of the clerk of the county of Schenectady on the 18th day of October, 1926, upon the verdict of a jury for $2,500.

*Whalen, Murphy, McNamee & Creble* [*Sherman A. Murphy* of counsel], for the appellant.

*Leary & Fullerton* [*Walter A. Fullerton* of counsel], for the respondent.

PER CURIAM. The plaintiff, a trespasser, riding on a freight train of defendant, claims to have sustained injuries by reason of a wanton assault made on him by defendant's employees.

He alleges in his complaint that " boiling hot water " was turned on him from a hose. The testimony of plaintiff is somewhat contradictory. He says at one point that the fireman came up on the coal and " he throw the hot water; " and again he indicates that the fireman did not come in sight at all, but scalded him by " pulling the rope " and discharging the hot water from a " pop-off valve " near which he was sitting. This is quite obviously imaginative, for he could not see the fireman either in the cab or tender to tell what he was doing, and he seems to have abandoned the theory that he was deluged from a hose.

At the time he claims to have been scalded plaintiff was seated on the top of the water tank behind the coal. It appears that there was a condenser near to which the plaintiff was seated. Into this led a pipe containing steam and hot water from an exhaust near the head of the boiler. This would at times overflow on the tank, drenching it. The plaintiff was no doubt scalded, and it seems probable that it came from the accidental overflow from the condenser.

The plaintiff's story, contradictory in its details, of callous inhumanity resulting in his injuries, seems incredible. There is no corroboration. The testimony of the entire train crew, the circumstances and probabilities, all contradict it. There are at times assertions of fact in litigations that over-tax " the credulity of a person of ordinary judgment." (*Garten* v. *General Accident, etc., Corp., Ltd.*, 206 App. Div. 154, 156; *Cantor* v. *National Surety Co.*, 208 id. 370, 373.) The claim made here seems to fall readily into that class. (*Carmody* v. *N. Y. C. & H. R. R. R. Co.*, 146 App. Div. 400.)

We think the judgment should be reversed on the facts as against the weight of evidence and a new trial granted, with costs to appellant to abide the event.

COCHRANE, P. J., VAN KIRK, HINMAN, McCANN and DAVIS, JJ., concur.

Judgment reversed on the facts as against the weight of evidence and new trial granted, with costs to the appellant to abide the event.